UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



RECEIVED
FILED
11 APR -5 AM 10: 55
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

MICHAEL DEGRAW, Individually and as Personal
Representative of the Estate of JENNIFER DEGRAW,
Deceased,

               Plaintiff,               CASE NO. 8:11-CV-720-T-17MAP

vs.

JIM COATS, in his official capacity as Sheriff of
Pinellas County, Florida, BRIAN J. DIEBOLD,
Individually, and NICHOLAS J. BAEZ,
Individually,

               Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, JIM COATS, as SHERIFF OF PINELLAS COUNTY, FLORIDA, BRIAN J. DIEBOLD and NICHOLAS J. BAEZ, by and through the undersigned attorney, hereby remove this action from the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No.11-002460-CI, to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§1331, 1441 and 1446. The basis of the removal of this action is federal question jurisdiction. Specifically, Plaintiff alleges against Defendants a cause of action pursuant to 42 U.S.C. §1983.

In support of its removal, Defendants state:

1.     On or about March 18, 2011, Plaintiff filed a five-count Complaint and Demand for Jury Trial in the Sixth Judicial Circuit in and for Pinellas County, Florida,

styled *Michael DeGraw, etc., v. Jim Coats, in his official capacity as Sheriff of Pinellas County, Florida, et al.* A copy of the original Complaint is attached hereto as Exhibit "A."

2. Counts I, II, and V allege that Defendant has violated 42 U.S.C. §1983. Accordingly, this court has original jurisdiction over this action pursuant to 28 U.S.C. §1331. Furthermore, the state law tort claims made in Counts III and IV are alleged to have arisen from the same events and occurrences alleged in Counts I, II, and V, thus forming part of the same case or controversy as the claims brought pursuant to 42 U.S.C. §1983. Therefore, this court has supplemental jurisdiction over Counts III and IV pursuant to 28 U.S.C. §1367.

3. Removal of this action is timely in that the action is being removed within 30 days of personal service of Plaintiff's Complaint in this action which raises claims involving a federal question. *See*, 28 U.S.C. §1446(b); and the action is being removed within one year of the commencement of the action in state court. *See*, 28 U.S.C. §1446(b).

4. Removal to the Middle District and the Tampa Division is appropriate pursuant to 28 U.S.C. §1446(a) as the removed case was pending in Pinellas County, Florida.

5. Pursuant to 28 U.S.C.§1446(d), written notice of the filing of this Notice of Removal is being provided to Plaintiff in this action as indicated in the accompanying certificate of service, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Circuit Court in and for Pinellas County, Florida.

RESPECTFULLY SUBMITTED on April 4, 2011.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been furnished by regular U.S. mail to David G. Henry, Esquire, Morgan & Morgan, P.A., One Tampa City Center, 201 N. Franklin Street, 7th Floor, Tampa, FL 33602, and Craig A. Laporte, Esquire, Proly, Laporte & Mulligan, P.A., Oak Trail Professional Center, 11914 Oak Trail Way, Port Richey, FL 34668, attorneys for Plaintiff, on April 4, 2011.

PINELLAS COUNTY SHERIFF'S OFFICE

SHANNON KENNEDY
Associate General Counsel
FBN 0079030/ SPN 01715061
10750 Ulmerton Road
Largo, FL 33778
(727) 582-6274/Fax (727) 582-6459
SKennedy@pcsonet.com
**Attorney for Defendants**