IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA,
CIVIL DIVISION

MICHAEL DEGRAW, individually and as
Personal Representative of the Estate of
JENNIFER DEGRAW, deceased,

CASE NO.: 11-246 0-CI-8

Plaintiff,

-vs-

JIM COATS in his official capacity as Sheriff
of PINELLAS COUNTY, FLORIDA, BRIAN
J. DIEBOLD, individually, and NICHOLAS J.
BAEZ, individually,

UCN#522011CA-0 246 xx CIZ

Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, MICHAEL DEGRAW, as Personal Representative of the Estate of JENNIFER DEGRAW, deceased, by and through his undersigned attorneys, and sues Defendants, JIM COATS, in his official capacity as Sheriff of PINELLAS COUNTY, FLORIDA, BRIAN J. DIEBOLD, individually, and NICHOLAS J. BAEZ, individually, and alleges:

## GENERAL ALLEGATIONS

1. This is a civil action for damages in excess of $15,000.00 exclusive of costs and attorney's fees.

2. Plaintiff contends that while JENNIFER DEGRAW, deceased, (hereinafter occasionally referred to as "Mrs. Degraw") was in custody of law enforcement and while incarcerated at the Pinellas County Jail, Defendant, JIM COATS, as Pinellas County Florida Sheriff, (hereinafter occasionally referred to "the sheriff's office") by and through his employees,

**EXHIBIT A**

agents, contractors, and affiliates demonstrated a deliberate indifference to her urgent medical needs.

3. The Defendants' deliberate actions and/or omissions resulted in JENNIFER DEGRAW, deceased, being subjected to cruel and unusual punishment and being deprived of the protections guaranteed and secured by the Fourteenth Amendment to the United States Constitution and laws of the United States, and said actions and/or omissions further directly caused or substantially contributed to her death.

4. The deprivations and violations of these constitutional rights were carried out pursuant to the rules, regulations, customs, policies and practices of Defendants in their official capacities, and while acting under color of state law, Defendants knowingly caused JENNIFER DEGRAW, deceased to be deprived of her constitutional rights.

5. Plaintiff requests this Court to declare that the acts and/or omissions by Defendants were unconstitutional under the United States Constitution, and by an award of compensatory damages to compensate the Estate of JENNIFER DEGRAW for the violations of her constitutional rights and to deter the Defendants from further participation in such unconstitutional acts and/or omissions. This conduct as it relates to JENNIFER DEGRAW'S incarceration was part of a pattern of depriving persons detained and who become jail inmates of their constitutional right with respect to the delivery and receipt of proper and necessary medical care.

6. This action arises under and is brought pursuant to 42 U.S.C. § 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Fourteenth Amendment to the United States Constitution, and Florida law. This Court has concurrent jurisdiction pursuant to 42 U.S.C. §1983.

7. This cause of action arose in Pinellas County Florida. Therefore, venue is proper.

## THE PARTIES

8. Plaintiff, MICHAEL DEGRAW is the duly appointed Personal Representative of the Estate of JENNIFER DEGRAW, who was at all times material, a natural person and a resident of the State of Florida.

9. Defendant, JIM COATS, in his official capacity, is and was at all times material hereto the Sheriff of Pinellas County, Florida, and responsible for the policies procedures, and official activities, of the Pinellas County Sheriff's Office.

10. As Sheriff, JIM COATS was responsible for the development, promulgation and implementation of policies, practices and customs of the Sheriff's Department's patrol division, as well as the hiring, training, control, supervision and discipline of its patrol deputies and other personnel.

11. As sheriff, JIM COATS was responsible for the development, promulgation and implementation of policies, practices and customs of the jail, as well as the hiring, training, control, supervision and discipline of its correction deputies and other personnel.

12. JIM COATS, in his official capacity, and Pursuant to a written contract, granted certain health care providers the exclusive contractual right to provide health and medical services to persons in custody within the Pinellas County Jail, and charged them with the responsibility to ensure that all inmates received timely, appropriate, necessary and adequate medical treatment.

13. Notwithstanding the foregoing, as Sheriff, JIM COATS was charged with the non-delegable duty to provide timely, appropriate, necessary and adequate healthcare to inmates incarcerated or held at the Pinellas County Jail ("the Jail").

3

14. Defendant, JIM COATS, at all times material hereto as the duly-elected Sheriff of Pinellas County, Florida, is responsible in his official capacity for injury occasioned in connection therewith.

15. Defendants, BRIAN J. DIEBOLD and NICHOLAS J. BAEZ at all times material hereto were sworn Florida law enforcement officers and were employed by the Pinellas County Sheriff's Office as patrol officers.

16. Plaintiff, MICHAEL DEGRAW, as Personal Representative of the Estate of JENNIFER DEGRAW, deceased, sues all Defendants in their individual and official capacities, except for Defendant, JIM COATS, who is sued in his official capacity only.

## STATEMENT OF FACTS

17. Plaintiff's decedent, JENNIFER DEGRAW was arrested by the Pinellas County Sheriff's Office and placed under the penal custody and control of the Pinellas County Sheriff's Office as an inmate at the Jail from March 16, 2009 until her death on March 24, 2009 and during that time was deprived of her constitutional liberties.

18. More specifically, on March 16, 2009, Defendants, BRIAN J. DIEBOLD and NICHOLAS J. BAEZ (occasionally referred to hereafter as "the patrol deputies") were dispatched by the Pinellas County Sheriff's office and responded to a call for assistance by MICHAEL DEGRAW, plaintiff herein (occasionally referred to hereafter as "Mr. Degraw") to Mr. Degraw's home at 35320 51st Avenue North, St. Petersburg, Pinellas County, Florida.

19. Mr. DeGraw reported that his wife, Jennifer DeGraw was bi-polar and had discontinued taking her prescribed medications, causing her to become a potential danger to herself and others around her.

20. The patrol deputies reportedly agreed with that assessment and intended to detain and went about detaining Mrs. DeGraw pursuant to Florida's Baker Act, and to transport her to the local mental health treatment facility.

21. When Ms. DeGraw resisted being detained, the patrol deputies physically restrained her, subdued her with a Taser, and rather than Baker Acting her, wrongfully arrested her on a charge of battery on a law enforcement officer and transported her to the Jail.

22. At the time of the foregoing actions the patrol deputies were well aware that Mrs. DeGraw was suffering from a mental health disease and that she posed a danger to herself and others, and yet they negligently arrested her rather than transporting her to a facility that could provide the necessary and appropriate treatment for the mental and multiple physical health issues she suffered. The patrol officers were aware at the time that Mrs. DeGraw suffered multiple major health issues and was prescribed multiple medications for those potentially life-threatening medical issues.

23. Upon arrival in the "booking" area of the Jail, Mrs. DeGraw was uncooperative and acted in such a manner that a reasonable person would have realized that she was continuing to suffer from significant mental and or emotional problems requiring immediate mental health evaluation and treatment. Regardless, she was booked into the Jail where she remained until her death on March 24, 2009.

24. The Jail's detention staff, and its medical staff, including its nursing staff, were aware during the period form March 16, 2009 through March 24, 2009 that Mrs. DeGraw suffered from obvious and significant health and mental disease, and that she had been prescribed medications by her family physician.

25. Nursing staff reported that attempts were made to administer medications to Mrs. DeGraw, but she was uncooperative and refused to take the medications. The medical/nursing staff negligently failed to take appropriate steps to assure that Ms. DeGraw took her medications, or in the alternative place her in a hospital where medications could be administered.

26. Throughout this entire period the medical/nursing staff was aware that Mrs. DeGraw was suffering from a mental disorder, was acting irrationally, and was a danger to herself and or others around her, yet failed to take any action to address either the medical or mental health issues.

27. Moreover, although the nurses reported that unsuccessful attempts were made to administer Mrs. DeGraw's medications, in truth, on many occasions the nursing staff did not even attempt to dispense the medications, but instead falsified the Jail records concerning their actions.

28. On March 24, 2009 Mrs. DeGraw was being held in the North Division Administrative Segregation section of the Jail on a fifteen minute watch basis. She was in a cell by herself. At 6:30 a.m. Detention Deputy Patricia Shoberg checked on her welfare and found Ms. DeGraw on the floor unresponsive to commands.

29. A "Code 99" (medical emergency) was called and Mrs. DeGraw was transported to Northside Hospital where she was declared dead. At all times material to this matter Deputy Shoberg was aware that Ms. DeGraw was suffering from significant mental health and medical issues, and was aware that she was refusing to take any medications.

30. Deputy Shoberg was charged with checking on Mrs. DeGraw's welfare every fifteen minutes between 7:00 p.m. and 7:00 a.m. (3/23/09 to 3/24/09). Although the "watch form" completed by Deputy Shoberg reflects that she checked on Mrs. DeGraw as required, in

fact Jail videos verify that Deputy Shoberg falsified those records, and in fact did not check on Mrs. DeGraw's welfare as reported.

31. As a direct and proximate result of the negligence of the officers, agents, employees and/or affiliates of the Pinellas County Sheriff's Office as aforesaid, Mrs. DeGraw died on March 24, 2009 from a preventable health-related issue. Had she been properly hospitalized instead of incarcerated, or had detention deputies and medical/nursing staff properly supervised and treated Mrs. DeGraw while she was incarcerated in the Jail, she would not have died.

## COUNT I
## FALSE ARREST AND IMPRISONMENT AGAINST BRIAN J. DIEBOLD

32. Plaintiff, MICHAEL DEGRAW, as Personal Representative of the Estate of JENNIFER DEGRAW, deceased, reiterates and realleges Paragraphs 1 through 31 as if more fully set forth herein and further alleges:

33. This is an action brought pursuant to 42 U.S.C. 1983 against Defendant, BRIAN J. DIEBOLD ("DIEBOLD") for false arrest and imprisonment.

34. The above-referenced actions of the Pinellas County Sheriff's Office patrol officers including DIEBOLD, who participated in this incident, were taken while these employees were on duty, in "uniform", as employees of the Pinellas County Sheriff's Office.

35. The Pinellas County Sheriff's Office patrol officers' actions constituted an illegal arrest and false imprisonment of Mrs. DeGraw, without even the pretext of the existence of reasonable suspicion, probable cause, or arguable probable cause, to believe that she was committing a crime, given her mental state at the time she was detained and arrested.

36. Pinellas County Sheriff's Office patrol officers did not have probable cause to believe that JENNIFER DEGRAW had committed the alleged criminal offense of battery on a law

7

enforcement officer without violence in that the facts and circumstances known to Pinellas County Sheriff's Office patrol officers were not sufficient to cause a reasonably cautious person to believe that JENNIFER DEGRAW had committed the alleged criminal offense of battery on a law enforcement officer.

37. Pinellas County Sheriff's Office patrol officers intentionally caused JENNIFER DEGRAW to be arrested and restrained for the alleged criminal offense of battery on a law enforcement officer. Pinellas County Sheriff's Office patrol officers either purposely caused JENNIFER DEGRAW'S arrest and restraint or otherwise acted with knowledge that her arrest and restraint would be substantially certain to occur.

38. The arrest and restraint of JENNIFER DEGRAW was against her will, and was unlawful, unreasonable, and without color of authority.

39. As a direct and proximate result of the intentional act of Pinellas County Sheriff's Office Patrol officers, JENNIFER DEGRAW was arrested, detained, and confined in jail and suffered from or incurred injury and as a direct consequence, and later died while incarcerated. In the event it is determined her wrongful arrest was not a direct or contributing cause of her death, she was deprived of her freedom from the time of her arrest until her death.

WHEREFORE Plaintiff, MICHAEL DEGRAW, as Personal Representative of the Estate of JENNIFER DEGRAW, deceased, demands judgment against BRIAN J. DIEBOLD, for actual, general, compensatory and special damages, attorney's fees pursuant to 42 U.S.C. §1988, and other such relief deemed to be equitable and just.

8

## COUNT II
## FALSE ARREST AND IMPRISONMENT AGAINST NICHOLAS J. BAEZ

40. Plaintiff, MICHAEL DEGRAW, as Personal Representative of the Estate of JENNIFER DEGRAW, deceased, reiterates and realleges Paragraphs 1 through 31 as if more fully set forth herein and further alleges:

41. This is an action brought pursuant to 42 U.S.C. §1983 against Defendant, NICHOLAS J. BAEZ ("BAEZ") for false arrest and imprisonment.

42. The above-referenced actions of the Pinellas County Sheriff's Office patrol officers, who participated in this incident, including BAEZ, were taken while these employees were on duty, in "uniform", as employees of the Pinellas County Sheriff's Office.

43. The Pinellas County Sheriff's Office patrol officers' actions constituted an illegal arrest and false imprisonment of Mrs. DeGraw, without even the pretext of the existence of reasonable suspicion, probable cause, or arguable probable cause, to believe that she was committing a crime, given her mental state at the time she was detained and arrested.

44. Pinellas County Sheriff's Office patrol officers did not have probable cause to believe that JENNIFER DEGRAW had committed the alleged criminal offense of battery on a law enforcement officer without violence in that the facts and circumstances known to Pinellas County Sheriff's Office patrol officers were not sufficient to cause a reasonably cautious person to believe that JENNIFER DEGRAW had committed the alleged criminal offense of battery on a law enforcement officer.

45. Pinellas County Sheriff's Office patrol officers intentionally caused JENNIFER DEGRAW to be arrested and restrained for the alleged criminal offense of battery on a law enforcement officer. Pinellas County Sheriff's Office patrol officers either purposely caused her

arrest and restraint or otherwise acted with knowledge that Plaintiff's arrest and restraint would be substantially certain to occur.

46. The arrest and restraint of JENNIFER DEGRAW, was against her will, and was unlawful, unreasonable, and without color of authority.

47. As a direct and proximate result of the intentional act of Pinellas County Sheriff's Office Patrol officers, JENNIFER DEGRAW was arrested, detained, and confined in jail and suffered from or incurred injury and as a direct consequence, and later died while incarcerated. In the event it is determined her wrongful arrest was not a direct or contributing cause of her death, she was deprived of her freedom from the time of her arrest until her death.

WHEREFORE Plaintiff, MICHAEL DEGRAW, as Personal Representative of the Estate of JENNIFER DEGRAW, deceased, demands judgment against NICHOLAS J. BAEZ for actual, general, compensatory and special damages, attorney's fees pursuant to 42 U.S.C. §1988, and other such relief deemed to be equitable and just.

## COUNT III
## FALSE ARREST AND IMPRISONMENT AGAINST JIM COATS

48. Plaintiff, MICHAEL DEGRAW, as Personal Representative of the Estate of JENNIFER DEGRAW, deceased, reiterates and realleges Paragraphs 1 through 31 as if more fully set forth herein and further alleges:

49. This is an action brought pursuant to Florida States §768.28 against JIM COATS, in his official capacity as sheriff of Pinellas County, Florida ("Pinellas County Sheriff's Office") for false arrest and imprisonment. Proper notice has been given pursuant to Florida Statute §768.28(6), as evidence by a letter from the counsel dated June 28, 2010, a copy of which is attached hereto as

Plaintiff's Exhibit "A". More than six (6) months have elapsed since that notice was sent, and thus the claims have been deemed denied.

50. All conditions precedent to bringing a claim against JIM COATS have been met.

51. The above-referenced actions of the Pinellas County Sheriff's Office patrol officers who participated in this incident were taken while these employees were on duty, in "uniform", and within the course and scope of their official duties and employment, as employees of the Pinellas County Sheriff's Office.

52. The Pinellas County Sheriff's Office patrol officers' actions constituted an illegal arrest and false imprisonment of Mrs. DeGraw, without even the pretext of the existence of reasonable suspicion, probable cause, or arguable probable cause to believe that she was committing a crime, given her mental state at the time she was detained and arrested.

53. Pinellas County Sheriff's Office patrol officers did not have probable cause to believe that JENNIFER DEGRAW had committed the alleged criminal offense of battery on a law enforcement officer without violence in that the facts and circumstances known to Pinellas County Sheriff's Office patrol officers were not sufficient to cause a reasonably cautious person to believe that JENNIFER DEGRAW had committed the alleged criminal offense of battery on a law enforcement officer.

54. Pinellas County Sheriff's Office patrol officers intentionally caused JENNIFER DEGRAW to be arrested and restrained for the alleged criminal offense of battery on a law enforcement officer. Pinellas County Sheriff's Office patrol officers either purposely caused Plaintiff's arrest and restraint or otherwise acted with knowledge that Plaintiff's arrest and restraint would be substantially certain to occur.

55. The arrest and restraint of JENNIFER DEGRAW was against her will, and was unlawful, unreasonable, and without color of authority.

56. As a direct and proximate result of the intentional act of Pinellas County Sheriff's Office patrol officers, JENNIFER DEGRAW was arrested, detained, and confined in jail and suffered from or incurred injury and as a direct consequence, and later died while incarcerated. In the event it is determined her wrongful arrest was not a direct or contributing cause of her death, she was deprived of her freedom from the time of her arrest until her death.

WHEREFORE Plaintiff, MICHAEL DEGRAW, as Personal Representative of the Estate of JENNIFER DEGRAW, deceased, demands judgment against JIM COATS, in his official capacity as Sheriff of Pinellas County, Florida for actual, general, compensatory and special damages, and other such relief deemed to be equitable and just.

## COUNT IV
## WRONGFUL DEATH

Plaintiff, MICHAEL DEGRAW, as Personal Representative of the Estate of JENNIFER DEGRAW, deceased, reiterates and realleges Paragraphs 1 through 31, and as if more fully set forth herein and further alleges:

57. This is an action brought pursuant to the Florida Wrongful Death Act, F.S. 768.16, et. seq. (the "Florida Wrongful Death Act").

58. This is an action brought pursuant to Florida States §768.28 against JIM COATS, in his official capacity as sheriff of Pinellas County, Florida ("Pinellas County Sheriff's Office") for wrongful death. Proper notice has been given pursuant to Florida Statute §768.28(6), as evidence by a letter from the counsel dated June 28, 2010, a copy of which is attached hereto as Plaintiff's

Exhibit "A". More than six (6) months have elapsed since that notice was sent, and thus the claims have been deemed denied.

59. As a result of the aforesaid negligence of the Pinellas County Sheriff, through his officers, agents, employees, and/or affiliates, the following parties have a claim for damages pursuant to The Florida Wrongful Death Act:

a. <u>Michael DeGraw</u>: As surviving spouse has a claim for future lost support and services reduced to present value; loss of companionship and protection and for past and future mental pain and suffering; and medical and funeral expenses which he paid.

b. <u>Estate of Jennifer DeGraw</u>: Medical and Funeral expenses which it paid; and loss of prospective net accumulations reduced to present money value; and lost net earnings from the date of injury to the date of death.

<u>Mark Smythe</u>: Decedent's adult son may be entitled to future lost support and services reduced to present value.

WHEREFORE, Plaintiff, MICHAEL DEGRAW, as Personal Representative of the Estate of JENNIFER DEGRAW, deceased, demands judgment against the Defendant, JIM COATS, in an amount in excess of Fifteen Thousand ($15,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT V: 42 U.S.C. §1983
## (FAILURE TO PROVIDE ADEQUATE, NECESSARY MEDICAL CARE/CRUEL AND UNUSUAL PUNISHMENT - DEFENDANT COATS)

Plaintiff, MICHAEL DEGRAW, as Personal Representative of the Estate of JENNIFER DEGRAW, deceased, reiterates and realleges Paragraphs 1 through 31 as if more fully set forth herein and further alleges:

60. As Sheriff of Pinellas County Florida, JIM COATS was responsible in his official capacity for the acts of the officers, agents, employees and/or affiliates of the Pinellas County Sheriff's Office.

61. JIM COATS was aware of the events described above and those generally concerning grossly substandard medical care, or the absence of medical care, provided by the jail, which gives rise to this action.

62. Despite the obvious need for medical care, the sheriff's office failed to provide such care.

63. In his capacity as sheriff, JIM COATS had been made personally aware of numerous prior problems with the provision of medical care to inmates. Rather than assessing and evaluating the legitimacy of the complaints of which he has been made aware, JIM COATS has repeatedly ignored problems and concerns with health care issues.

64. JIM COATS has failed to exercise any appropriate degree of supervision over the medical staff in the Pinellas County Jails, instead he has allowed for the rationing of vital medical care. JIM COATS has also failed to properly train detention deputies to intervene as necessary and appropriate in situations where medical attention is wanting.

65. The actions and inactions of Pinellas County Sheriff through its employees, at the Jail, amounted to deliberate indifference to the serious medical needs of JENNIFER DEGRAW and violated her Eighth Amendment right to be free from cruel and unusual punishment, as made applicable to the states by the Fourteenth Amendment.

66. The actions and inactions of Pinellas County Sheriff through its policies and procedures, attributable to the Jail, amounted to deliberate indifference to the serious medical

needs of JENNIFER DEGRAW and violated her rights to be free from cruel and unusual punishment, as made applicable to individual states by the Fourteenth Amendment.

67. For purpose of this litigation, these actions and inactions are attributable to JIM COATS in his capacity as Sheriff and in fulfillment of his non-delegable duty to provide adequate health care to detainees and inmates confined within the Pinellas County jail system.

68. As a result of the above wrongful acts, JENNIFER DEGRAW died as a direct cause of the cruel and unusual punishment she received.

69. Defendant's conduct was motivated by budgetary considerations or involved reckless or callous indifference to JENNIFER DEGRAW'S constitutional rights.

WHEREFORE Plaintiff demands judgment against JIM COATS, as Pinellas County Sheriff for actual, general, compensatory and special damages, plus costs of this action including attorneys' fees pursuant to 42 U.S.C.§1988, and other such relief deemed to be equitable and just.

<b><u>DEMAND FOR JURY TRIAL</u></b>

Plaintiff demands trial by jury on all issues so triable.

DATED this 17th day of March, 2011.

_____
David G. Henry, Esquire
Florida Bar #: 0896756
Scott T. Borders
Florida Bar #: 746568
Morgan & Morgan, P.A.
695 Central Avenue, Suite 150J
St. Petersburg, FL 33701
Tele: (727) 490-2001
Fax: (727) 490-2015
Attorneys for Plaintiff(s)

_____
Craig A. Laporte, Esquire
Florida Bar #: 372511
Proly, Laporte & Mulligan, P.A.
Oak Trail Professional Center
11914 Oak Trail Way
Port Richey, FL 34668
Tel: 800-273-8303
Fax: 727-862-8386
Attorney for Plaintiff(s)



# PROLY, LAPORTE & MULLIGAN, P.A.
## ATTORNEYS AT LAW

PETER A. PROLY
CRAIG A. LAPORTE
BRIAN T. MULLIGAN

OAK TRAIL PROFESSIONAL CENTER
11914 OAK TRAIL WAY • PORT RICHEY, FLORIDA 34668

PASCO: (727) 863-1553
PINELLAS: (727) 447-7974
TARPON: 727.934.7792
FAX: (727) 862-8386

June 28, 2010

**CERTIFIED MAIL/RETURN
RECEIPT REQUESTED
#7009 1410 0000 8170 2817**



Honorable Jim Coats
SHERIFF OF PINELLAS COUNTY
10750 Ulmerton Road
Largo, FL 33778

Re: My Client : Michael DeGraw, Surviving Spouse, and Personal Representative of the Estate of Jennifer DeGraw, Deceased
Date of Loss : March 16, 2009 through March 24, 2009
Location : 35320 51st Avenue North, St. Petersburg, FL and Pinellas County Jail, 14400 49th St. N., Clearwater, FL

Dear Sheriff Coats:

This letter is provided in accordance with F.S. 768.28(6)(a). I have been retained to represent the above referenced client regarding the unlawful arrest and subsequent negligent wrongful death of his wife while an inmate in the Pinellas County Jail.

My investigation reveals that the negligence of the arresting deputies, and the negligence of multiple corrections deputies and jail medical/nursing employees was the sole and proximate cause of the death of Jennifer DeGraw.

More specifically, on March 16, 2009 Pinellas County Deputy Brian J. Diebold and Deputy Nicholas J. Baez responded to a call for assistance by Michael DeGraw to his home at 35320 51st Avenue North, St. Petersburg, Pinellas County, Florida. Mr. DeGraw reported that his wife, Jennifer DeGraw was bi-polar and had discontinued taking her prescribed medications, causing her to become a potential danger to herself and others around her. The deputies reportedly agreed with that assessment and intended to detain Ms. DeGraw pursuant to Florida's Baker Act, and transport her to the local mental health treatment facility. When Ms. DeGraw resisted being detained, the deputies physically restrained her, subdued her with a Taser, and instead of Baker Acting her wrongfully arrested her on a charge of Battery on law Enforcement Officer and transported her to the Pinellas County jail.

At the time of the foregoing actions the deputies were well aware that Jennifer DeGraw was suffering from a mental health issue that posed a danger to herself and others, and yet they

---

PERSONAL INJURY • WRONGFUL DEATH • CRIMINAL LAW • TRIAL PRACTICE

Honorable Jim Coats
Sheriff of Pinellas County
Page Two
June 28, 2010

negligently arrested her rather than transporting her to a facility that could provide the appropriate treatment for her mental and multiple physical health issues. The deputies were aware at the time that Ms. DeGraw also suffered multiple major health issues and was prescribed multiple medications for those potentially life-threatening medical issues.

Upon arrival in the "booking" area of the jail Ms. DeGraw was uncooperative and acted in such a manner that a reasonable person would have realized she was suffering from major mental problems requiring immediate mental health evaluation and treatment. Regardless, she was booked into the jail where she remained until her death on March 24, 2009.

My investigation reveals that the jail's medical staff, including its nursing staff, were aware during the period from March 16, 2009 through March 24, 2009 that Jennifer DeGraw suffered from major health and mental issues, and that she had been prescribed medications for both by her family physician. Investigation reveals that the nursing staff reported attempts were made to administer medications to Ms. DeGraw, but she was uncooperative and refused to take the medications. The medical/nursing staff negligently failed to take appropriate steps to assure that Ms. DeGraw took her medications, or in the alternative place her in a hospital where medications could be administered. Throughout this entire time period the medical/nursing staff was aware that Ms. DeGraw was suffering from bi-polar disorder, was acting irrationally and was a danger to herself and or others around her, yet failed to take any action to address either the medical or mental health issues.

Furthermore, my investigation reveals that although the nurses reported that unsuccessful attempts were made to administer Ms. DeGraw's medications, in truth on many occasions the nursing staff did not even attempt to dispense the medications, but instead falsified jail records about their actions.

On March 24, 2009 Ms. DeGraw was being held in the North Division Administrative Segregation section of the jail on a fifteen minute watch basis. She was in a cell by herself. At 6:30 AM Detention Deputy Patricia Shoberg checked on her welfare and found Ms. DeGraw on the floor unresponsive to commands. A "Code 99" (medical emergency) was called and Ms. DeGraw was transported to Northside Hospital where she was declared dead. At all times material to this matter Deputy Shoberg was aware that Ms. DeGraw was suffering from major mental health and medical issues, and was aware that she was refusing to take any medications. Deputy Shoberg was charged with checking on Ms. DeGraw's welfare every fifteen minutes between 7:00 PM and 7:00 AM (3/23/09 to 3/24/09). Although the "watch form" completed by Deputy Shoberg reflects that she checked on Ms. DeGraw as required, in fact jail videos verify that Deputy Shoberg falsified those records, and in fact did not check on Ms. DeGraw's welfare as reported.

Honorable Jim Coats
Sheriff of Pinellas County
Page Three
June 28, 2010

As a direct result of the negligence of employees of the Pinellas County Sheriff's Office as aforesaid, Jennifer DeGraw died on March 24, 2010 of a preventable health-related issue. Had she been properly hospitalized initially instead of incarcerated, and had detention deputies and medical/nursing staff properly supervised and treated Ms. DeGraw while incarcerated in the Pinellas County Jail she would not have died.

As a result of the aforesaid negligence the following parties have a claim pursuant to Florida's Wrongful Death Act:

> Michael DeGraw: As surviving spouse has a claim for future lost support and services reduced to present value; loss of companionship and protection and for mental pain and suffering; Medical and Funeral expenses paid.
>
> Estate of Jennifer DeGraw: Medical and Funeral expenses; loss of prospective net accumulations reduced to present money value.
>
> Mark Smythe: Decedent's adult son may be entitled to future lost support and services reduced to present value.

Pursuant to Section 768.28(6)(c), Florida Statutes, the following information is provided:

> Michael DeGraw
>
> Date of Birth         :   March 10, 1965
> Place of Birth             Patterson, NJ
> Social Security No.   :   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

There are no adjudicated unpaid claims in excess of $200.00 owed by the claimant to the State, its agencies, officers or subdivisions.

Additionally, I would request that you immediately notify your liability insurance carrier of this claim. Pursuant to Florida Statute 627.4137, please ask your liability carrier to provide me within 30 days a copy of your applicable liability insurance policy, certification as to existing coverage, and a statement as to any known or anticipated coverage of policy defenses which they expect to raise.

By copy of this letter to the Department of Insurance, I am placing them on notice of this claim. Please advise within six (6) months whether this claim is denied or admitted. Pursuant to the

Honorable Jim Coats
Sheriff of Pinellas County
Page Four
June 28, 2010

aforesaid statute, failing to receive any formal admission or denial within six (6) months will be deemed an automatic denial, authorizing my client to bring suit against Jim Coats, Sheriff of Pinellas County, Florida.

In the event that you wish to discuss this matter or seek an early resolution of the claim, please have your counsel or the representative of your liability insurance carrier contact me.

I look forward to hearing from you within the above referenced time constraints.

Sincerely,

CRAIG A. LAPORTE

CAL/bms

cc: Department of Financial Services (Certified Mail, RRR) #7009 1410 0000 8170 2824
David Henry, Esquire
Scott Borders, Esquire
Mr. Michael DeGraw