UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL DEGRAW, individually and as )
Personal Representative of the Estate of )
JENNIFER DEGRAW, deceased, )
)
    Plaintiff, )
)
v. )
)   CASE NO.: 8:11-cv-720-EAK-MAP
JIM COATS in his official capacity as )
Sheriff of PINELLAS COUNTY, FLORIDA)
BRIAN J. DIEBOLD, individually, and )
NICHOLAS J. BAEZ, individually, )
)
    Defendants. )
_____ )

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants' Motion to Dismiss Complaint, (Doc. 5), and Plaintiff's Response to Defendants' Motion to Dismiss Complaint, (Doc. 6). Defendants in this matter are Jim Coats, in his official capacity as Sheriff of Pinellas County, Florida; Brian J. Diebold, individually; and Nicholas J. Baez, individually. Plaintiff is Michael DeGraw, individually and as personal representative of the Estate of Jennifer DeGraw, deceased. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

## BACKGROUND AND PROCEDURAL HISTORY

This matter involves claims brought under 42 U.S.C. § 1983 for violations of Mrs. DeGraw's 8th and 14th Amendment rights, Florida Statute § 768.28, and the Florida Wrongful Death Act, F.S. § 768.16. Plaintiff filed a complaint alleging five counts in total, the first against Mr. Diebold for false arrest and imprisonment, the second against Mr. Baez for false arrest and

imprisonment, the third against Sheriff Coats for false arrest and imprisonment, the fourth against Sheriff Coats for wrongful death, and the fifth against Sheriff Coats for cruel and unusual punishment by way of failure to provide adequate and necessary medical care. Essentially, Plaintiff alleges that Deputies Diebold and Baez unlawfully arrested and detained Ms. DeGraw, who was known to have severe mental and medical issues, and while in custody she died as a result of inadequate supervision and medical care. (Doc. 6.)

On March 16, 2009, Deputies Diebold and Baez were dispatched by Pinellas County Sheriff's Office pursuant to a call for assistance from Mr. DeGraw. (Compl. ¶18.) He reported that his wife was bi-polar, had discontinued taking her medication, and had become a danger to herself and others. (*Id.* ¶19.) The deputies agreed with Mr. DeGraw and proceeded to attempt to detain Mrs. DeGraw and transport her to a mental health facility, pursuant to Florida's Baker Act. (*Id.* ¶20.) Mrs. DeGraw resisted being detained, prompting the deputies to physically restrain her and deploy their Taser. (*Id.* ¶21.) They then placed her under arrest for battery on a law enforcement officer and transported her to jail rather than to a mental health facility in accordance with the Baker Act. (*Id.*)

While at the jail, Mrs. DeGraw continued to refuse to take her medication or cooperate with the medical staff. (*Id.* ¶¶23, 25.) Plaintiff alleges that the nursing staff falsified records showing they attempted to administer Mrs. DeGraw's medication when in fact they never attempted to administer the medication. (*Id.* ¶27.) On March 24, 2009, at 6:30 a.m., Mrs. DeGraw was found by Deputy Patricia Shoberg, on the floor, and unresponsive, at which time Mrs. DeGraw was transported to Northside Hospital where she was declared dead. (*Id.* ¶¶28-29.) Deputy Shoberg was charged with checking on Mrs. DeGraw every fifteen minutes between 7:00 p.m. and 7:00 a.m. but Plaintiff alleges that jail videos show that she did not perform the required

checks and falsified the "watch form." (*Id.* ¶30.) Plaintiff alleges that at all times the nursing/medical staff and deputies knew of Mrs. DeGraw's serious mental health and medical issues. (*Id.* ¶¶22, 24, 26.)

## STANDARD OF REVIEW

Any defendant to a complaint may move to dismiss such a complaint under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief. *Am. Ass'n of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002). A trial court is required to view the complaint in the light most favorable to the plaintiff. *Illinois ex. Rel. Madigan v. Telemarketing Associates, Inc.*, 538 U.S. 600, 618, (2003). At this stage of litigation, a court must accept the plaintiff's allegations as true and dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* In addition, when considering Plaintiff's state law claims, this Court must apply Florida substantive law and federal procedure. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

## DISCUSSION

### I.  Counts I-III: False Arrest & False Imprisonment

In Counts I-III, Plaintiff alleges that Deputies Diebold and Baez, as well as Sheriff Coats acting in his official capacity, are liable for the false arrest and imprisonment of Mrs. DeGraw. Plaintiff alleges that the officers did not have probable cause to arrest Mrs. DeGraw when they

were called to her residence on March 16, 2009. (Compl. ¶35.) (Pl.'s Resp. Defs.' Mot. Dismiss at 2.) Defendant responds that Plaintiff's own complaint demonstrates the existence of probable cause to arrest Mrs. DeGraw. (Defs.' Mot. Dismiss at 3.)

Defendant correctly notes that where probable cause exists, no claim for false arrest or imprisonment can be sustained under either federal or state law. *Marx v. Gumbinner*, 905 F.2d 1503, 1505-06 (11th Cir. 1990); *Bolanos v. Metro. Dade County*, 677 So.2d 1005 (Fla. 3rd DCA 1996); *see also Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004) ("The existence of probable cause at the time of arrest . . . constitutes an absolute bar to a § 1983 action for false arrest."). The standard for determining probable cause is the same under Florida law and the law of the Eleventh Circuit. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (citing *United States v. McDonald*, 606 F.2d 552, 553 n.1 (5th Cir. 1979)). Furthermore, the "validity of an arrest does not turn on the offense announced by the officer at the time of the arrest." *Lee v. Farraro*, 284 F.3d 1188, 1196 (11th Cir. 2002) (quoting *Bailey v. Bd. of County Comm'rs of Alachua County*, 956 F.2d 1112, 1119 n.4 (11th Cir. 1992)). Thus, the fact that officers arrested Mrs. DeGraw for battery on a law enforcement officer, while Defendants' motion discusses resisting a law enforcement officer without violence, is immaterial.

The only real issue to be determined is whether there is probable cause, because if it existed there can be no claim for false arrest or imprisonment. "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *Daniels v. City of Hartford, Ala.*, 645 F. Supp. 2d 1036, 1052 (M.D. Ala. 2009) (citing *Case v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009)). Section 843.02, F.S.A., states: "whoever shall resist . . . any officer . . . in the lawful execution of any duty . . . shall be guilty of a misdemeanor." Based

on the plain meaning of Plaintiff's complaint, Mrs. DeGraw did indeed resist Deputies Diebold and Baez when they attempted to detain her, at Mr. DeGraw's behest, pursuant to the Baker Act. (Compl. ¶5.) Thus, probable cause existed for the deputies to arrest Mrs. DeGraw, creating an absolute bar to claims for false arrest and imprisonment under either § 1983 or F.S. § 768.28. As a result, it appears beyond a doubt that no set of facts would entitle Plaintiff to relief.

Plaintiff offers no more than conclusory allegations that Deputies Diebold and Baez were without probable cause in arresting Mrs. DeGraw. Accordingly, Defendant's Motion to Dismiss is **GRANTED** with respect to Counts I, II, and III of Plaintiff's Complaint, those claims being false arrest and imprisonment against Deputy Diebold, Deputy Baez, and Sheriff Coats respectively.

**II.     Count IV: Wrongful Death**

In Count IV, Plaintiff alleges that Sheriff Coats, in his official capacity, is liable for the wrongful death of Mrs. DeGraw. Plaintiff alleges that the Sheriff's Office knew of Mrs. DeGraw's serious medical and mental health issues but failed to provide adequate care. (Compl. ¶23-31.) Specifically, Plaintiff alleges that the nursing staff at the jail did not make adequate attempts to provide needed medication, (id. ¶¶ 25-27), and that jail staff did not adequately supervise Mrs. DeGraw while she was in administrative isolation, (id. ¶¶ 30-31.) Furthermore, Plaintiff alleges that the decision to incarcerate, rather than hospitalize, Mrs. DeGraw was negligent and a cause of her death. (Complaint ¶31.)

Defendant argues that Plaintiff's allegations of improper treatment by jail medical staff should be considered under the standard of a medical malpractice action, as opposed to a simple negligence action. (Defs.' Mot. Dismiss at 5.) As a result, F.S.A. § 766.104(1) requires a certificate by counsel stating that a reasonable investigation gave rise to a good faith belief that

grounds exist for such an action against each defendant. (*Id.* at 6.) Defendant argues that Plaintiff has not included such a certificate, nor has Plaintiff complied with the other pre-suit requirements of Chapter 766, thus requiring the claim be dismissed. (*Id.* at 7.) Defendant also argues that sovereign immunity precludes negligence liability resulting from the exercise of discretionary police power, thus there is no liability for deciding to incarcerate instead of hospitalize Mrs. DeGraw. (*Id.* at 5.)

Plaintiff responds by correctly noting that a plaintiff is permitted to plead alternative theories based on the same set of operative facts. Fed. R. Civ. P. 8(d)(2); *see also United Roaster, Inc. v. Colgate Palmolive Co.*, 649 F.2d 985, 990 (4th Cir. 1981). Plaintiff goes on to point out that several of the alleged negligent acts were not medical in nature, for instance the failure to properly supervise Mrs. DeGraw, thus a claim for simple negligence can be stated on the facts plead. (Pl.'s Resp. at 6.) Plaintiff also notes that most of the allegations that make up the wrongful death claim do not involve discretionary actions by the Sheriff's Office, for instance the failure to supervise Mrs. DeGraw or administer her medication. (*Id.* at 4-5.) As a result, sovereign immunity does not bar Plaintiff's claim for wrongful death. Accordingly, Defendants' Motion to Dismiss Count IV of Plaintiff's Complaint, alleging wrongful death against Sheriff Coats in his official capacity, is **DENIED**.

### III. Count V: Failure to Provide Adequate, Necessary Medical Care/Cruel & Unusual Punishment in Violation of 42 U.S.C. § 1983

In Count V, Plaintiff alleges that the Sheriff's Office violated Mrs. DeGraw's Eighth Amendment right to be free from cruel and unusual punishment by failing to provide vital medical care to Mrs. DeGraw and other inmates. (Compl. ¶¶60-69.) Plaintiff further alleges that Sheriff Coats was motivated by budgetary considerations, (*id.* ¶69), and was aware of "numerous prior problems with the provision of medical care to inmates" at the jail, (*id.* ¶63). Accordingly,

Plaintiff alleges deliberate indifference, on the part of the Sheriff's Office, to the medical needs of Mrs. DeGraw. (*Id.* ¶65.)

Plaintiff advances several theories regarding Defendant's violation of § 1983, which Defendant contests in turn, including municipal policy which violates the Eighth Amendment, failure to supervise and train jail staff, and deliberate indifference on the part of Sheriff Coats. (Defs.' Mot. at 8-9.) Defendant first argues that Plaintiff has not identified a municipal policy that caused the injury. (*Id.* at 7.) Defendant next argues, with regard to failure to train jail staff, that Plaintiff has not alleged that Sheriff Coats personally participated in the violation of Mrs. DeGraw's rights or that there is a causal connection between the alleged failure to train and Mrs. Degraw's death. (*Id.* at 8.) Finally, with regard to the allegations of deliberate indifference, Defendant argues that Plaintiff has alleged only an isolated occurrence, which is insufficient to sustain a claim. (*Id.*)

Plaintiff responds that the institutional lack of care received by Mrs. DeGraw over the course of eight days sufficiently establishes deliberate indifference to her rights. (Pl.'s Resp. at 7.) Plaintiff goes on to reassert the substance of the Complaint: deliberate indifference to Mrs. DeGraw's rights as a result of a policy or custom of the Sheriff's Office. (*Id.*)

Deliberate indifference to an inmate's medical needs is a cognizable claim under § 1983 for cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, simple negligence or malpractice on the part of the medical staff is not sufficient to state a claim under § 1983, the conduct must demonstrate deliberate indifference to the victim's medical needs. *Grace v. Wainwright*, 761 F. Supp. 1520, 1526 (M.D. Fla. 1991) (citing *Estelle*, 429 U.S. at 106). Deliberate indifference requires (1) subjective knowledge of a substantial risk of serious harm, (2) disregard of that risk, and (3) conduct that is more than negligence. *McElligott v. Foley*, 189 F.3d

1248, 1255 (11th Cir. 1999). Furthermore, a showing of gross negligence does not satisfy the requirement of "conduct that is more than negligence." *Townsend v. Jefferson County*, 601 F.3d 1152, 1158 (11th Cir. 2010).

Plaintiff's Complaint does assert several factual allegations which tend to support Count V, including that Sheriff Coats was personally aware of prior problems with providing medical care to inmates but has ignored these problems, (Compl. ¶63), that Sheriff Coats has allowed the rationing of medical care, (*id.* ¶64), and that Sheriff Coats has failed to appropriately supervise the medical staff at the jail, (*id.*). Plaintiff further alleges that jail staff knew of Mrs. DeGraw's serious medical issues but disregarded them. (*See id.* ¶¶24, 63-65.) This satisfies the first and second requirements of deliberate indifference.

Although Plaintiff primarily alleges negligence on the part of jail medical staff in failing to provide care for Mrs. DeGraw, several factual allegations exist in Plaintiff's Complaint which support a finding of more than gross negligence. Specifically, allegations that jail staff did not make adequate attempts to administer Mrs. DeGraw's medication, then falsified records to reflect adequate attempts, supports a finding of more than gross negligence. (*Id.* ¶¶ 25-27.) Thus, the third requirement to show deliberate indifference is satisfied. As a result, Defendant's Motion to Dismiss Count V of Plaintiff's Complaint, with respect to cruel and unusual punishment in violation of § 1983, is **DENIED**. Accordingly, it is:

**ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **GRANTED** with respect to Counts I, II, and III, and **DENIED** with respect to Counts IV and V. The Defendants Diebold and Baez are dismissed from this action. The remaining Defendant shall file a response to the complaint within ten days of this date.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 6th day of June, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record.