UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL DEGRAW, individually and as
Personal Representative of the Estate of
JENNIFER DEGRAW. deceased.

CASE NO. : 8:11 - cv-720-EAK-MAP

Plaintiff,

v.

BOB GUALTIERI, in his official capacity as
Sheriff of PINELLAS COUNTY, FLORIDA

Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION
## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Michael Degraw brings this action as personal representative of the estate of the deceased Jennifer Degraw. The defendant is the current Sherriff of Pinellas County Bob Gualtieri, as sued in his official capacity. Sherriff Gualtieri has been automatically substituted for the previous defendant, Jim Coats. Fed. R. Civ. P. 25(d). Plaintiff brings both an action for violation of civil rights under 42 U.S.C. § 1983, and an action under F.S. § 768.16-26, the Florida Wrongful Death Act. The following facts are taken from the complaint.

On March 16 2009, the plaintiff reported to the police that his wife, Jennifer Degraw, was bipolar, had discontinued taking her medication, and was a danger to herself and others. (Compl. ¶19.) When deputies attempted to detain Mrs. Degraw pursuant to Florida's Baker Act, she resisted and was arrested for battery on a law enforcement officer. (Id. ¶21.) In jail, she refused to take her medication or cooperate with medical staff. (Id. ¶25.)

On March 24, 2009, Mrs. Degraw died while in jail. (*Id.* ¶28-29.) Plaintiff alleges that the jail's staff knew of Mrs. Degraw's condition and failed to attempt to administer her medication or perform checks as required. (*Id.* ¶27, 30.) Plaintiff also alleges that the jail's staff falsified documents stating that they had performed as required. *Id.*. Plaintiff further alleges that Mrs. Degraw's death was proximately caused by the negligence of jail employees. (*Id.* ¶31.)

On August 2, 2011, the plaintiff sought leave to amend his complaint. On August 15th this court signed an order denying leave. On October 24, the plaintiff again sought leave to amend his complaint. On November 8, 2011, this court signed another order denying leave. On November 17, 2011, plaintiff asked the court to reconsider its second denial of leave to amend the complaint. The plaintiff asks the court to specifically reconsider its decision not to allow the addition of a claim for hedonic damages under the § 1983 action or the pleading of further facts (Doc. 24, 2.)

## STANDARD OF REVIEW

Parties can move to have the Court reconsider a judgment if the motion is brought within 28 days. Fed. R. Civ. P. 59(e). District Courts have considerable discretion in reconsideration; the denial of a 59(e) motion is reversible only for abuse of discretion. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). However, reconsideration is an extraordinary remedy to be used sparingly. *Id.* Reconsideration is appropriate when there is a change in law, a change in material facts, or a need to correct a clear error or manifest injustice. *Id.* Parties seeking reconsideration must not merely relitigate that which the court previously found lacking. *Id.*

## DISCUSSION

Plaintiff requests that this Court either reconsider its denial of leave to amend or clarify its reasoning for denying the motion. (Doc. 24, 2, 3). In *Foman v. Davis*, the Supreme Court held that "…refusal to grant the leave [to amend] without any justifying reason appearing for the denial…" is an abuse of discretion. *Foman v. Davis*, 371 US 178, 182 (1962).

The reason for the November 8, 2011 denial of leave to amend was that the amendment would have been futile. Under Rule 15(a), leave to amend should be given "when justice so requires". Denial of a motion to amend is appropriate if the amendment involves "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment , etc." *Foman* 371 US at 182. A proposed amendment is futile when the complaint, as amended, could not withstand a motion to dismiss. *Coventry First, LLC v. McCarty*, 605 F. 3d 865, 870 (11th Cir. 2010) *citing Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). A claim does not withstand a motion to dismiss when it does not state a plausible claim for relief. *Ashcroft v. Iqbal* 556 U.S. 662, 679 (2009). At the time, the Court relied on cases that said the Middle District uses the Florida Wrongful Death Act (hereafter FWDA) as the measure of 1983 damages, and the FWDA does not allow hedonic damages. *Torres v. Orange County,* WL 3552726 (M.D. Fla. 2000). Thus, the amendment would not have entitled the plaintiff to relief.

However, since Plaintiff filed the motion for reconsideration, there was an intervening change in law. In April of 2012, a court in the Middle District hearing a § 1983 case involving a death allowed a motion to amend the complaint to add hedonic damages. *Estate of Breedlove v.*

*Orange County Sherriff's Office,* WL 1428902 (M.D. Fla. 2012). While that case did not cite *Torres,* it is on all fours with the decision at hand. Based on *Estate of Breedlove,* hedonic damages could withstand a motion to dismiss.

While the court does not currently need to rule on whether it will ultimately allow hedonic damages, it does not find at this time that an amendment seeking to add hedonic damages would be futile. The Court has not prejudged the matter, but may consider the following issues in deciding whether to allow hedonic damages.

When § 1983 is deficient in providing direction on some matter, courts turn to 42 U.S.C.A. § 1988 for direction:

> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

In other words, when federal laws are deficient in providing a suitable remedy, courts should seek a remedy in state laws, as long as those laws are not inconsistent with federal law. *Wilson v. Garcia* 471 U.S. 261, 267 (1985). In this case, § 1983 is deficient in providing a remedy, and Florida law provides a remedy through the Florida Wrongful Death Act. If the Florida Wrongful Death Act is not inconsistent with federal law, it will be used. If it is

inconsistent, then "the common law...shall be extended to and govern... in the trial and disposition of the case." 42 U.S.C.A. § 1988.

To determine whether the FWDA is consistent with federal law, this court should examine both the text of § 1983 and the underlying purpose. *Estate of Gilliam v. City of Prattville* 639 F.3d 2 1041, 1047 (11th Cir. 2011) *citing Robertson v. Wegmann*, 436 U.S. 584, 590-91 (1978). The purpose of § 1983 is "compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Id.* § 1983's deterrence function is satisfied when victims are compensated for their injuries, so the focus of the analysis of § 1983's purpose should be compensation. *Carey v. Piphus*, 435 U.S. 247, 256-57 (1978).

The goal of damages for § 1983 claims is "compensate for actual injuries caused by the particular constitutional deprivation." *Gilmere v. City of Atlanta,* 664 F.2d 764, 739 (11th Cir. 1989). The Eleventh Circuit has ruled that § 1983 can recover for both injuries suffered by the decedent and injuries suffered by relatives. *Id.* at 740; *see also Estate of Gilliam* 639 F.3d at 1047-48. It has not, however, ruled on whether the damages awarded by the Florida Wrongful Death Act are inconsistent with the purpose of § 1983.

Such an award might underestimate the damages caused by a death by limiting the recovery for the decedent's injuries to a loss of income. *See* Andrew Jay McClurg, *It's A Wonderful Life: The Case for Hedonic Damages in Wrongful Death Cases*, 66 Notre Dame L. Rev. 57, 64 (1990). Also, given that Jennifer Degraw's personal representative brings no action for his own civil rights violation, his right to recover is dependent on the decedent's suffering an

injury in the first place. Allowing a fuller compensation for the decedent's injury could make sense.

On the other hand, whatever type of damages are awarded, the practical effect will be to assuage Michael Degraw's injuries caused by the allegedly wrongful death. Thus, damages for emotional suffering and loss of support from the decedent appear to be a more accurate measure of the actual compensatory effect resulting from a successful claim. Furthermore, the suffering and loss of the living may be more easily quantified than the value of a decedent's life, leading to more accurate compensation. *See* Susan Gunty, *A Critical Look at Hedonic Damages,* 80 Ill. B.J. 308 (1991).

Accordingly, it is so **ORDERED** that Plaintiff's motion for reconsideration is **GRANTED** and plaintiff is given leave to amend the complaint to add a claim for hedonic damages and to plead further facts. Plaintiff has ten days from this date to submit the amended complaint and the parties shall have 25 days from this date to propose a new case management schedule if they think a new schedule is required.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 7th day of June, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record.