UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL DEGRAW, individually and as
Personal Representative of the Estate of
JENNIFER DEGRAW, Deceased,

    Plaintiff,

-vs-                                                       CASE NO. 8:11-CV-720-EAK-MAP

BOB GUALTIERI, in his official capacity as
Sheriff of PINELLAS COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court on Defendant's Motion for Partial Summary Judgment (Doc. 49) and Plaintiff's Response in Opposition to Defendant's Motion for Partial Summary Judgment (Doc. 50). For the reasons set forth below, Defendant's Motion for Partial Summary Judgment is GRANTED.

### BACKGROUND

Plaintiff, Michael Degraw, brings this action as personal representative of the estate of the deceased Jennifer Degraw. The defendant is the current Sherriff of Pinellas County Bob Gualtieri, as sued in his official capacity. Sherriff Gualtieri has been automatically substituted for the previous defendant, Jim Coats. Fed. R. Civ. P. 25(d). Plaintiff brings both an action for violation of civil rights under 42 U.S.C. § 1983, and an action under F.S. § 768.16-26, the Florida Wrongful Death Act.

1

## PROCEDURAL HISTORY

On March 18, 2011, Plaintiff filed a Complaint (Doc. 2) in the Sixth Judicial Circuit, in and for Pinellas County, Florida. On April 5, 2011, the named defendants filed Notice of Removal to the Middle District of Florida based on federal question jurisdiction. (Doc. 1). By later amended complaint, the Plaintiff reduced the defendants to one, the current Sheriff.

On April 11, 2011, Defendant filed a Motion to Dismiss (Doc. 5), to which Plaintiff filed Response (Doc. 6) on April 25, 2011. On June 6, 2011, the Court granted in part and denied in part Defendant's Motion to Dismiss. Defendant filed Answer with accompanying affirmative defenses on June 16, 2011 (Doc. 12).

On August 2, 2011, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 16). The Court denied Plaintiff's motion on August 15, 2011 (Doc. 19). On October 24, 2011, Plaintiff filed a second Motion for Leave to Amend Complaint (Doc. 21) looking to add a claim for hedonic damages under the § 1983 cause of action, which the Court subsequently denied (Doc. 23).

On November 17, 2011, Plaintiff filed a Motion for Reconsideration of the Order denying Plaintiff's Second Motion for Leave to Amend (Doc. 24) to which Defendant filed Response on December 1, 2011 (Doc. 25). On May 22, 2012, mediation before Robert M. Stoler resulted in an impasse.

The Court granted Plaintiff's Motion for Reconsideration on June 7, 2012 (Doc. 39), and on June 15, 2012, Plaintiff amended the Complaint to add a claim for hedonic damages (Doc. 41), to which Defendant filed an answer (Doc. 42) on June 29, 2012.

On February 12, 2013, Defendant filed Motion for Partial Summary Judgment (Doc. 49) to which Plaintiff filed Response in Opposition to Motion for Partial Summary Judgment (Doc. 50) on February 20, 2013.

## STATEMENT OF FACTS

The following facts are submitted by the parties in support and/or in opposition to Defendant's Motion for Partial Summary Judgment. The Court recognizes these as "facts" only in regard to resolution of the pending motion.

On March 16, 2009, Plaintiff, Michael Degraw, reported to the police that his wife, Jennifer Degraw, was bipolar, had discontinued taking her medication, and was a danger to herself and others. (Amend. Compl. ¶ 20). He called the Pinellas County Sheriff's Office for assistance and deputies were dispatched to the home. (*Id.* ¶ 19). Ms. Degraw was arrested and taken to the jail (*Id.* ¶ 21). Upon arrival, the arresting officers advised the intake personnel at the jail that Ms. Degraw was a Baker Act detainee and required close medical observation (*Id.* ¶ 23).

Plaintiff alleges that Ms. Degraw was in a psychotic state and that she was unable to assist either verbally or physically in her medical or personal care (*Id.* ¶ 24). Plaintiff alleges that Ms. Degraw was incapable of making decisions on what prescribed medications to take, or whether to eat or drink, and that she was unable to express any physical or mental symptoms to those monitoring her (*Id.* ¶ 31). Plaintiff further alleges that the jail staff neglected to administer medication and assure adequate, basic nutritional needs until her death on March 24, 2009 (*Id.* ¶ 32).

Plaintiff alleges that jail employees falsified records and did not adequately check on Ms. Degraw while she was in their custody (*Id.* ¶ 43-44). Thus, Plaintiff alleges that Ms. Degraw's death was proximately caused by the negligence of the jail staff (*Id.* ¶ 46). Plaintiff further

alleges that Sheriff Gualtieri, in his official capacity, is responsible for the acts of officers, agents, and employees of the Pinellas County Sheriff's Office, and that the Sheriff had been made personally aware of problems regarding the provision of medical care to inmates whose treatment had been delayed or withheld (*Id.* ¶ 53). Plaintiff alleges that the Sheriff ignored these concerns, and failed to implement training and supervision for those persons caring for inmates (*Id.* ¶ 53).

Plaintiff alleges that the conduct, acts, and omissions either directly caused or substantially contributed to Ms. Degraw's death (*Id.* ¶ 57). Plaintiff further alleges that these deprivations were knowingly carried out pursuant to the rules and regulations promulgated and approved by the Sheriff in his official capacity, acting under the color of state law (*Id.* ¶ 57-62).

Thus by acting with such "deliberate indifference," Plaintiff alleges that the Sheriff violated Ms. Degraw's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution (*Id.* ¶ 55-56). Plaintiff alleges that this deprivation of rights was the legal cause of damages to the Estate and Ms. Degraw (*Id.* ¶ 61).

Plaintiff is therefore seeking pain and suffering damages from the time of Ms. Degraw's commitment to the jail to the time of her death, and economic damages in terms of the value of Ms. Degraw's life (*Id.* ¶ 61-62).

## STANDARD OF REVIEW

Summary judgment is properly granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding summary judgment, the court must consider all evidence in the light most favorable to the nonmoving party, *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983), and must draw all

reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating an absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–334 (1986). This burden may be discharged if the moving party can show an absence of evidence to support the nonmoving party's case. *Id.* at 323–325. If the moving party meets this burden, the nonmoving party must then designate specific facts demonstrating a genuine issue of material fact in order to avoid summary judgment. *Id.* at 324; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986).

Issues of fact are "genuine" only if a reasonable jury could find for the nonmoving party. *Anderson,* 477 U.S. at 249. Material facts are those facts that will affect the outcome of the trial. *Id.* at 248; *Hickson Corp. v. Crossarm Co.,* 357 F.3d 1256, 1259–1260 (11th Cir. 2004). The weighing of evidence and determinations of credibility are the functions of the jury, not the judge. *Anderson,* 477 U.S. at 255. Therefore, if the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact and the motion for summary judgment denied. *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1531 (11th Cir. 1987).

## DISCUSSION

The issue before the Court is essentially fresh and has only been decided in limited circumstances by the courts within the Eleventh Circuit. Plaintiff brings an action for wrongful death under the Florida Wrongful Death Act (hereinafter "FWDA") and a deprivation of civil rights action under 42 U.S.C. § 1983.

There are circumstances in which 42 U.S.C. § 1983 is deemed "deficient" in terms of its ability to provide an adequate remedy for a civil rights violation. When this occurs, we turn to

the neighboring 42 U.S.C. § 1988(a), instructing that the laws of the forum state can apply, so long as they are not "inconsistent with the Constitution and laws of the United States." *Robertson v. Wegmann,* 436 U.S. 584, 588–599 (1987). As stated in the text of § 1988, there are times when federal law may be unsuited or insufficient "to furnish suitable remedies," and that federal law may not "cover every issue that may arise in the context of a federal civil rights action." *Moor v. County of Alameda,* 411 U.S. 693, 702–703 (1973). In the present case, the alleged "deficiency" is the remedy provided in terms of compensation for a decedent's wrongful death. Thus, we turn to the possibility of an available remedy within Florida law.

The FWDA combines the survival and wrongful death action into a single suit. *Florida Clarklift, Inc. v. Reutimann.* 323 So.2d 640, 642 (Fla. 2d DCA 1975). It provides a comprehensive remedy to survivors who are damaged as a result of a death and allows the estate to recover the decedent's economic damages. Fla. Stat. § 768.21. The current FWDA provides to survivors recovery of the value of lost support and services, loss of the decedent's companionship and protection, for the survivors' mental pain and suffering, loss of the deceased's earnings from the date of injury to the date of death, and for medical or funeral expenses. *Id.* The act does not, however, provide a cause of action for the pain and suffering *of a decedent*, nor does it provide for hedonic damages, two of the claims the Plaintiff presents here.

Since the FWDA is a state law remedy available to the Plaintiff, the § 1988 analysis then turns on whether or not the FWDA is consistent with the policies underlying § 1983. Such factors include (1) whether the remedy compensates the victim for the deprivation of his federal rights, and (2) whether it deters future violations. *Robertson,* 436 U.S. at 591. Plaintiff asserts that the Florida law is "inconsistent" with § 1983 and thus an inadequate remedy because the damages awarded under the FWDA fail to compensate for *actual injuries* caused by the

constitutional deprivation suffered *by the decedent*—namely the alleged pain and suffering damages incurred by Ms. Degraw.

Prior case law has been limited in determining whether or not a state's wrongful death statute is "inconsistent" with the purpose of § 1983 by limiting (or in this case, *combining*) the damages for unconstitutional violations that result in death. In determining whether the FWDA is consistent with federal law, this court must examine both the text of § 1983 and the underlying purpose. *Robertson,* 436 U.S. at 590–591. The purpose of § 1983 is "compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Id.* However, because the deterrence function of § 1983 is satisfied when victims are compensated for their injuries, the threshold focus of the § 1983 analysis should be compensation. *Carey v. Piphus,* 435 U.S. 247, 256–257 (1978).

The primary goal of damages for § 1983 claims is thus to "compensate for actual injuries caused by the particular constitutional deprivation." *Gilmere v. City of Atlanta,* 664 F.2d 734, 739 (11th Cir. 1989). The Eleventh Circuit Court of Appeals has ruled that a plaintiff bringing a § 1983 suit can recover for both injuries suffered by the decedent and injuries suffered by relatives. *Id.* at 740; *see also Estate of Gilliam,* 639 F.3d 1041, 1047-1048 (11th Cir. 2011). At this moment, however, it has not ruled on whether the *comprehensive* nature of the damages awarded by the Florida law are inconsistent with the purpose of § 1983. As such, this Court must formulate its own analysis.

Recently, our neighboring Middle District Court in Orlando ruled on this exact issue in *Breedlove v. Orange County Sheriff's Office,* 6:11-cb-2027-Orl-31, 2012 WL 2389765 (M.D. Fla. June 25, 2012). In *Breedlove,* the plaintiff estate brought suit under § 1983 from an allegedly unlawful shooting while in the defendant's custody at the local sheriff's office, bringing a claim

for the decedent's pain and suffering. The parties conceded that the issue was strictly whether or not the exclusion of a remedy for the pain and suffering of a decedent under § 1983 is inconsistent with the statute's underlying policies. The court summarized the following…

> [C]ase law generally instructs that a state statute is inconsistent with the compensatory purpose of § 1983 when it bars a decedent's personal injury claim in cases where the violation causes death. The Florida Wrongful Death Act, however, does not bar the entire personal injury claim. It merely excluded non-economic damages, while allowing the estate to recover the decedent's economic damages. This result is entirely logical given that non-economic damages are hard to quantify even when a victim survives. *Breedlove*, 2012 WL 2389765 at *3.

As the Plaintiff's response correctly points out, *Breedlove* is a "recent, unpublished opinion that is not binding upon this Court." They are also correct in stating that per *stare decisis,* this Court is not bound by the decisions of other district courts within the state, nor is it bound by a decision of another judge within the same district court. This is especially true when there is binding authority offered from the appellate-level courts above. However, that is the problem. District Judge Presnell's decision in *Breedlove* is one of only two authorities offered on the matter, as the Eleventh Circuit has not yet heard the issue with *specific regard* to Florida law (namely the FWDA). Thus we must analogize as best as possible.

One other Florida case has discussed the FWDA, and of this writing is the only case to find it inconsistent with federal law. Our neighboring Florida Southern District Court in *Heath v. City of Hialeah*, ruled that § 1983 guaranteed a federal right of recovery supplementary to any state law claim. 560 F.Supp. 844 (S.D. Fla. 1983). However, that rule as applied to these specific facts would be contradictory to the Supreme Court's *Robertson* analysis providing that § 1988 requires the Court to apply state substantive law so long as it is not inconsistent with federal law.

In *Heath,* the Court found the FWDA inconsistent because the Plaintiff would have been barred from *any* recovery whatsoever due to a lack of eligible survivors, thus looking to the federal law to fill the vacancy and apply a remedy to the plaintiff. The Court in *Heath* effectively notes that:

> As applied to the instant plaintiff, these sections speaking, offer little more than the cost of a casket. As Plaintiff's own brief admits, 'if Florida's Wrongful Death Act was to be applied herein, it would effectively deny relief to Plaintiff's Decedent for a violation of his Civil Rights, inasmuch as the Decedent was an emancipated adult male with no beneficiaries or survivors entitled to relief thereunder.' Simply put, the plaintiff would have rights without remedies. *Id.* at 842.

However, unlike the plaintiff in *Heath,* the plaintiff in the present case has a comprehensive remedy available to compensate for the loss of civil rights, thereby rendering it factually distinguishable from the case at bar. The multiple damages provisions of the FWDA adequately compensate the victim so that there exists no "absent remedy" within the state law for a decedent without adequate survivors. *Heath* is a rare example, and thus more of an exception rather than the actual rule. Therefore, it cannot be controlling.

Plaintiff further states that because Ms. Degraw allegedly suffered significant pain and suffering damages, and that because they are likely to be "the most significant element of damages in this case," this Court should find the FWDA inconsistent with § 1983. However, like the court in *Breedlove,* this Court is unwilling to broaden a remedy when one is already in existence. That is the job of our legislature. As the court in *Breedlove* points out, shifting the non-economic damages from the decedent to his survivors makes damages more calculable, and allows recovery to the only party who can be truly compensated—those survivors. *Breedlove,* 2012 WL 2389765 at n. 3. Albeit persuasive, Judge Presnell's decision correctly interprets the differences between the federal and state remedies, broadly construing the "consistency" analysis

9

in finding that "mere exclusion of [one aspect] of decedent's damages for pain and suffering [does not render] the [entire] Florida wrongful death statute inconsistent with the compensatory purpose of § 1983." *Breedlove*, 2012 WL 2389765 at *3.

Plaintiff also cites *Gilmere v. City of Atlanta*, 864 F.2d 734 (11th Cir. 1989) and *Brazier v. W.B. Cherry*, 293 F.2d 401 (5th Cir. 1961), *cert. denied* as binding precedent for the case beforehand. Both cases looked specifically at the class of victims—both the decedent and the survivors, regarding whether an adequate remedy was available for each. Plaintiff urges this Court to agree with *Gilmere* and *Brazier* and authorize damages for both the decedent and survivors' losses. However, the FWDA does just that. As § 1988 states, the need to compensate both classes of victims "may be fulfilled if state law is available." *Brazier*, 293 F.2d at 409. In this case, a remedy is indeed available, albeit a comprehensive one. The FWDA does exactly this by combining survival and wrongful death actions into one suit. Simply because the non-economic damages are shifted from the decedent to his or her survivors does not render them inconsistent with federal law—that is too narrow an application.

Further, Plaintiff asserts that unless the Estate is permitted to recover damages for Ms. Degraw's pain and suffering and loss of life, the deterrent aspect of the *Robertson* analysis will remain unsatisfied. However, this Court is unwilling to go as far as to say that unless a certain dollar amount of damages is obtained, the Sheriff will have no incentive to change his policies and procedures in the future. The degree of deterrence exercised—based on the monetary amount of potential damages awarded—is far too speculative a formula for this Court to solve. It is the opinion of this Court that Florida state officials do not contemplate the various damages provisions of the FWDA before exercising constitutional deprivations. The prospect of incurring pain and suffering or hedonic damages in court is likely not going to be a weighing factor in

whether or not a state official exercises such behavior. Simply because one category of potential FWDA damages awarded may or may not be higher than the cost of litigating a case does not render the entire Act a non-deterrent.

Therefore, Plaintiff is not entitled to recovery of Jennifer Degraw's pain and suffering and/or hedonic damages because such damages are not recoverable under the FWDA.

**ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. 49) be **GRANTED** and any claims for hedonic damages and decedent's pain and suffering are dismissed from this action.

**DONE** and **ORDERED** in chambers, in Tampa, Florida, this 9th day of July, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All parties and counsels of record