UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL DEGRAW, individually and as
Personal Representative of the Estate of
JENNIFER DEGRAW, deceased,

     Plaintiff,

-vs-

                                        CASE NO.:  8:11-CV-720-EAK-MAP

BOB GUALTIERI, in his official capacity as
Sheriff of PINELLAS COUNTY, FLORIDA,

     Defendants.
_____/

## SECOND AMENDED PRETRIAL STATEMENT

Pursuant to this court's order and Local Rule 3.06(c) below is the Joint Pretrial Statement.

1. **Jurisdiction:** This is an action for damages brought pursuant to 42 U.S.C. §1983, et seq., and Fla. Stat. 768.16, et seq., for which this court has concurrent jurisdiction, pursuant 42 U.S.C. §1983, in that it involves claims for failure to provide adequate, necessary medical care and wrongful death caused by the negligent or wrongful acts or ommissions of the Pinellas County Sheriff's Office.

2. **Nature of the Action:** This matter arises from the death of Jennifer Degraw, who was an inmate on March 24, 2009, at the Pinellas County Jail, 14400 49th Street North, Clearwater, Pinellas County, Florida.

   Claims for failure to provide adequate, necessary medical care and wrongful death were brought in state court. The case was removed to this Court, and amended to name Bob Gualtieri, in his official capacity as Sheriff of Pinellas County, Florida, for actions that occurred during the administration of his predecessor, Jim Coats.

1

3.  **General Statement of Each Party's Case**:

<u>Plaintiff:</u>

The Court's Order on Defendant's Motion for Partial Summary Judgment, filed July 9, 2013, provides a comprehensive summary of the facts, as follows:

On March 16, 2009, Plaintiff, Michael Degraw, reported to the police that his wife, Jennifer Degraw, was bipolar, had discontinued taking her medication, and was a danger to herself and others. (Amend. Compl. *Id.* 20).  He called the Pinellas County Sheriff's Office for assistance and deputies were dispatched to the home. *(Id.* 19). Ms. Degraw was arrested and taken to the jail *(Id.* 21).  Upon arrival, the arresting officers advised the intake personnel at the jail that Ms. Degraw was a Baker Act detainee and required close medical observation *(Id* 1123).

Plaintiff alleges that Ms. Degraw was in a psychotic state and that she was unable to assist either verbally or physically in her medical or personal care *(Id.* 24). Plaintiff alleges that Ms. Degraw was incapable of making decisions on what prescribed medications to take, or whether to eat *or* drink, and that she was unable to express any physical or mental symptoms to those monitoring her *(Id.* 131).  Plaintiff further alleges that the jail staff neglected to administer medication and assure adequate, basic nutritional needs until her death on March 24, 2009 (*Id.* 32).

Plaintiff alleges that the jail employees falsified records and did not adequately check on Ms. Degraw while she was in their custody (*Id.* 43-44).  Thus, Plaintiff alleges that Ms. Degraw's death was proximately caused by the negligence of the jail staff (*Id.* 46).  Plaintiff further alleges that Sheriff Gualfieri, in his official capacity, is responsible for the acts of officers, agents, and employees of the Pinellas County Sheriff's Office, and

2

that the Sheriff had been made personally aware of problems regarding the provision of medical care to inmates whose treatment had been delayed or withheld (*Id.* 53). Plaintiff alleges that the Sheriff ignored these concerns, and failed to implement training and supervision for those persons caring for inmates (*Id.* 53).

Plaintiff alleges that the conduct, acts and omissions either directly caused or substantially contributed to Ms. Degraw's death (*Id.* 57). Plaintiff further alleges that these deprivations were knowingly carried out pursuant to the rules and regulations promulgated and approved by the Sheriff in his official capacity, acting under the color of state law (*Id.* 57-62).

Thus by acting with such "deliberate indifference," Plaintiff alleges that the Sheriff violated Ms. Degraw's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution (*Id.* 55-56). Plaintiff alleges that this deprivation of rights was the legal cause of damages to the Estate and Ms. Degraw (*Id.* 61).

Plaintiff is therefore seeking pain and suffering damages from the time of Ms. Degraw's commitment to the jail to the time of her death, and economic damages in terms of the value of Ms. Degraw's life (*Id.* 61-62).

<u>Defendant:</u>

On March 16, 2009, Jennifer Degraw was charged with a felony and transported to the Pinellas County Jail. (Am. Compl. ¶ 21).

Ms. Degraw was evaluated by a nurse employed by the Pinellas County Sheriff's Office upon arrival at the Pinellas County Jail and placed into close medical observation. (Am. Compl. ¶ 20, 23).

While incarcerated, Ms. Degraw was visited regularly by nurses and deputies. (Depo. of Dr. Miller, Attached as Exhibit A; P. 71, L. 21-22). Nurses came around at least three times a day to document Ms. Degraw's condition and behavior, and would also discuss her case with the deputies who were watching Ms. Degraw. (Depo. of Dr. Bailey, Attached as Exhibit B; P. 43, L. 2-8). She was seen by doctors on March 17th, 19th, and 21st, 2009, and by a licensed clinical social worker on March 19th, 2009. Also on March 19th, Hillsborough County Court issued an order for a psychological evaluation of Ms. Degraw. That process would begin with an evaluation by a psychologist, Dr. Jill Poorman. (Depo of Dr. Miller; P. 64, L. 8-12). Additionally, Pinellas County Jail employees verified and offered medications to Ms. Degraw on a regular basis. However, she repeatedly refused those medications. (Depo. of Dr. Miller; P. 72, L. 5-10).

On March 24, 2009, at approximately 6:30 a.m., Detention Deputy Patricia Shoberg found Ms. Degraw unresponsive on the floor of her cell. A "code 99" (medical emergency) was called and Ms. Degraw was transported to Northside Hospital where she was declared dead. (Am. Compl. ¶ 41-42).

Defense denies Plaintiff's allegations of deliberate indifference. Further, the defense maintains the actions by the Pinellas County Sheriff's Office were reasonable, appropriate, and met the prevailing standard of care they owed to Ms. Degraw. Therefore, they are not liable for the damages sought by the Plaintiff for wrongful death.

The Defendants maintain the following affirmative defenses:

4

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 in that Plaintiff has failed to articulate a sufficient basis for liability in accordance with existing Federal case law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to allege sufficient facts to support a claim upon which relief can be granted under 42 U.S.C. § 1983 for any custom, policy, training or supervision based claim. Further, at no time did the Sheriff implement, condone or otherwise approve of any policy or custom infringing upon the constitutional rights of any individual including JENNIFER DEGRAW and at no time did the Sheriff or his employees have any subjective knowledge of a substantial risk of serious harm to JENNIFER DEGRAW.

## THIRD AFFIRMATIVE DEFENSE

Sheriff Coats is entitled to sovereign immunity for actions involving the Sheriff or his employees in the exercise of governmental discretion.

## FOURTH AFFIRMATIVE DEFENSE

Sheriff Coats is entitled to the protections and benefits of sovereign immunity under Fla. Stat. §768.28 including the limitations on damages, attorney's fees and if any conduct by any employees is found to have occurred in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, Sheriff Coats cannot be held liable. In particular, Plaintiff has failed to indicate if JENNIFER DEGRAW had any adjudicated unpaid claims in excess of $200 and Plaintiff failed to comply with §768.28(7) Fla. Stat.

5

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery of JENNIFER DEGRAW's pain and suffering from the time of injury until the time of her death, the value of JENNIFER DEGRAW's life, or any hedonic damages. Such damages are not set forth in Section 768.21, Florida Statutes, and are not recoverable under the Florida Wrongful Death Act.

4. **List of Exhibits and Rule 5.04 exhibit substitutes to be offered at trial with notations of all objections:**

Attached. See Plaintiff's Exhibit List and Defendants Exhibit List [**EXHIBIT 1**].

5. **List of Witnesses who may be called at Trial:**

Attached. See Plaintiff's Witness List/Order of Proof and Defendant's Witness List [**EXHIBIT 2**].

6. **List of all Experts including statement of the subject matter and summary of testimony.**

Attached. See Plaintiff's Expert Disclosure and Defendant's Expert Disclosure [**EXHIBIT 3**].

Plaintiff will call Arthur H. Herold, M.D., who is Board Certified in Family Medicine. Dr. Herold is expected to testify that the medical negligence at the Jail amounted to deliberate indifference to the serious medical needs of Jennifer Degraw. Dr. Herold will also testify as to causation.

Plaintiff will also call James Edgar, M.D., a Board Certified Psychiatrist. Dr. Edgar is expected to testify that Pinellas County Sheriff's Office was aware Jennifer Degraw was suffering from a mental disorder, was acting irrationally, and was in danger to herself and or others around her, the Pinellas County Sheriff's Office failed to take any action to address either her medical or mental health issues. Dr. Edgar will opine that Jennifer Degraw was in a psychotic state to such a degree that it was abundantly clear to all involved in her custody and care that she was unable to assist either verbally or physically in her medical or personal care.

Defendant will call George A. Lyrene, M.D., who is a Board Certified Internist who specializes in correctional medicine and will testify regarding the standard of care as

6

it relates to medical care provided to Jennifer DeGraw at the Pinellas County Sheriff's Office.   Dr. Lyrene will opine that the attempts to provide care to Jennifer Degraw by Drs. Timothy Bailey, Richard Miller, and Natalie Borg were acceptable, appropriate, and met the prevailing standard of care. He is also of the opinion that medications would not have prevented Mrs. Degraw's death.

Defendant will also call Steven J. Helfand, PSYD, CCHP, who is a Psychologist and Certified Correctional Health Professional. Dr. Helfand will testify regarding the standard of care as it relates to the screening and processing of Jennifer Degraw at the Pinellas County Sheriff's Office. Dr. Lyrene will opine that the attempts to provide care to Jennifer Degraw were acceptable, appropriate, and met the prevailing standard of care. Specifically, he is of the opinion that the actions of Drs. Miller, Bailey, Borg, and Licensed Clinical Social Worker Jennifer Trivoli met the prevailing standard of care.

Defendant will also call Kris Sperry, M.D., who is a Board Certified Medical Examiner and Anatomic and Forensic Pathologist. Dr. Sperry will testify regarding Jennifer DeGraw's medical history and cause of death.   Dr. Sperry will opine that Jennifer Degraw's death was not caused by dehydration or a fluid and electrolyte imbalance. He will opine further that, more likely than not, Mrs. Degraw's cause of death was a sudden arrhythmia.

Finally, Defendant will call Jeff Eiser, who is a Jail Operations Specialist. Mr. Eiser will testify regarding jail industry standards and practices as they relate to the operational procedures and practices of the Pinellas County Jail and the duties and responsibilities of the Pinellas County Sheriff's Office in relation to the allegations in this case.   Mr. Eiser will opine that the policies, practices, and procedures of the Pinellas County Jail met the prevailing standard of care.

7. **Statement of the Elements Damages and Amount being Sought:**

Actual, general compensatory, special damages and deprivation of right's in an amount to be determined by the trier of fact.

    a. The loss of past and future support and services of Jennifer Degraw to her spouse, Michael Degraw.

    Services include general household services.

    b. The loss of past and future companionship and protection of Jennifer Degraw to her spouse, Michael Degraw.

    Not liquidated – To be determined by Jury.

c. Michael Degraw's past and future mental pain and suffering resulting from Jennifer Degraw's injury and death.

Not liquidated – To be determined by Jury.

d. Medical and funeral expenses incurred by Michael Degraw.

$100.00.

e. Medical and funeral expenses due to Jennifer Degraw's injury and death that have become a charge against the Estate or were paid by or on behalf of the The Estate of Jennifer Degraw.

Trish Usar - $100.00
Debbie Frank - $600.00
Marjorie Barries - $1,800.00
Mark Frank - $900.00
Heinz Funeral Home balance owed - $1,940.00

8. **List of Depositions to be offered in evidence at trial with Designation:**

The Plaintiff reserves its rights under Fed. R. Civ. P. 32 to call Drs. Arthur Herold and James Edgar via depositions should they become unavailable to testify.
The Defense reserves its rights under Fed. R. Civ. P. 32 to call Drs. George Lyrene and Steven Helfand via depositions should they become unavailable to testify.

9. **A Statement of Facts Admitted:**

Jennifer Degraw was pronounced dead at 7:44 AM on March 24th, 2009, at Northside Hospital

10. **A Statement of Applicable Principles of Law which there is agreement:**

To establish a claim for a failure to provide adequate, necessary medical care, an inmate must prove that officials showed deliberate indifference to his or her serious medical needs. *Estelle v. Gamble,* 429 U.S. 97 (1976)(The deprivation of medical care can violate the constitutional prohibition against cruel and unusual punishment or the due process clause if a medical provider is deliberately indifferent to an inmate's serious medical needs.) The same

8

standard applies to pretrial detainees. *Anderson v. City of Atlanta*, 778 F.2d 678 (11th Cir. 1985).

To prove deliberate indifference, an inmate must show that he has a serious medical need – that is, a need that has been diagnosed by a physician as needing treatment or a need that is so obvious that even a lay person would recognize the need for treatment. *Farrow v. West*, 320 F. 3d 1235, 1243 (11th Cir. 2003); *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000). In either situation, the need must be one that poses a risk of serious harm if left unattended. *Farrow*, 320 F.3d at 1243.

After showing a serious medical need, the inmate must show that the medical personnel acted with an attitude of deliberate indifference to that serious medical need. *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999)(to state a claim against a prison official, the prisoner must allege both (1) the existence of serious medical needs, and (2) the official's deliberate indifference to those needs).

To act with "deliberate indifference," a prison official must both know of and disregard an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This requires showing a sufficiently culpable state of mind, such as reckless disregard to a substantial risk of serious harm. The deliberate indifference standard is a stringent standard that requires more than mere negligence or medical malpractice to satisfy. *Id.* at 835.

The Plaintiff must show that the defendant knew of facts from which the defendant could infer that a substantial risk of harm existed. *Burnette v. Taylor*, 533 F. 3d 1325, 1330 (11th Cir. 2008); *Farmer*, 511 U.S. at 837.

In view of the Court's ruling on hedonic damages, the Florida Wrongful Death Act, Fla. Stat. §768.16, et. seq., outlines the damages available in this matter;

    a.  The loss of past and future support and services of Jennifer Degraw to her spouse, Michael Degraw.

    b.  The loss of past and future companionship and protection of Jennifer Degraw to her spouse, Michael Degraw.

    c.  Michael Degraw's past and future mental pain and suffering resulting from Jennifer Degraw's injury and death.

    d.  Medical and funeral expenses incurred by Michael Degraw.

    e.  Medical and funeral expenses due to Jennifer Degraw's injury and death that have become a charge against the Estate or were paid by or on behalf of the Estate of Jennifer Degraw.

## 11. Statement of Issues of fact to be Litigated:

### COUNT I - § 1983 Claim

Whether the Defendant Bob Gualtieri's predecessor, Jim Coats, in his in his official capacity as Sheriff of Pinellas County, Florida, was deliberately indifferent to the serious medical needs of Jennifer Degraw.

### COUNT II – Wrongful Death Claim

Whether the actions the employees of the Defendant Bob Gualtieri's predecessor, Jim Coats, in his in his official capacity as Sheriff of Pinellas County, Florida, were a legal cause of damage to the Plaintiff and whether there was negligence on the part of the Plaintiff Jennifer Degraw, which was a legal cause of her own damage. If there is negligence on both sides, what the percentage of negligence is attributable to Plaintiff and Defendant. Finally, if there is negligence on the part of the Defendant, the amount of damages the Plaintiff should recover.

## 12. Statement of issues of Law which remain for determination by the Court:

Whether the Plaintiff has proven that the Defendant showed deliberate indifference to her serious medical needs and whether the Plaintiff has presented sufficient evidence that

10

Defendant's deliberate indifference was the byproduct of an unconstitutional corporate action, policy, or custom. Consequently, whether the Defendant is entitled to summary judgment on Plaintiff's claim for damages under 42 U.S.C. § 1983.

13. **Statement of any disagreement as to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure:**

None.

14. **List of Motions or Other Matters which require action by the Court:**

Motion for Summary Judgment filed by Defendant.

15. **Signatures of Counsel for all Parties:**

**Date:**      9/30/13              .          **Date:**   9/30/13                   .

/s/David G. Henry, Esq.                         /s/Mark E.McLaughlin, Esq.
**David G. Henry, Esquire**              **Mark E. McLaughlin, Esquire**
Florida Bar #: 896756                           Florida Bar #: 0861774
**Scott T. Borders, Esquire**            Beytin, McLaughlin, McLaughlin, Bolin &
Florida Bar #: 746568                           Willers, P.A.
Morgan & Morgan, P.A.                           201 N. Franklin St., Ste 2900
One Tampa City Center                           Tampa, FL 33602
201 N. Franklin St., 7th FL                     mem@law-fla.com
Tampa, FL 33602                                 Tele: (813) 226-3000
dghpleadings@forthepeople.com                   Fax: (813) 226-3001
Tele: (813) 223-5505                            Attorney for Defendant
Fax: (813) 223-5402
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David G. Henry, Esq.
Mark E. McLaughlin, Esq.

cc:      Tracy S. Carlin, Esq. – tcarlin@BHappeals.com
         Craig A. Laporte, Esq. – craig@accidentshappenatty.com

11