**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL DEGRAW, as Personal
Representative of the Estate of JENNIFER
DEGRAW, Deceased,

      Plaintiffs,

vs.                                                                CASE NO.:  8:11-CV-720-T-17 MAP

BOB GUALTIERI, in his official capacity as
SHERIFF OF PINELLAS COUNTY,
FLORIDA,

      Defendant.

_____/

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called

deliberations.

1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

In this case it is the responsibility of the Michael Degraw to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's *claim* by a preponderance of the evidence, you should find for the Defendant as to that claim.

In this case it is the responsibility of Michael Degraw to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

7

During the course of this trial you have heard evidence that Deputies Brian Diebold and Nicholas Baez initially intended to transport Mrs. Degraw to a mental health facility, pursuant to Florida's Baker Act. You have also heard evidence that Mrs. Degraw kicked Deputy Diebold, for which she was then arrested and transported to the Pinellas County Jail. Deputy Diebold testified that he did not initiate a Baker Act detention and did not complete the requisite BA-52 form. This Court has considered this issue and found as a matter of law that both Deputies Diebold and Baez had probable cause to arrest Mrs. Degraw and transport her to the Pinellas County Jail.

In this case, Michael Degraw claims that Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri, while acting under color of law, intentionally violated Jennifer Degraw's rights under the United States Constitution.

Specifically, Michael Degraw claims that Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg deliberately ignored Jennifer Degraw's serious medical need and caused injury to her.

The United States Constitution provides that anyone who is imprisoned is entitled to necessary medical care, and a corrections officer violates that right by being deliberately indifferent to a prisoner's serious medical need known to the officer.

A person may sue in this court for an award of money damages against anyone who, under color of law, intentionally violates that person's rights under the United States Constitution.

To succeed on his claim, Michael Degraw must first prove that Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri, was deliberately indifferent to Jennifer Degraw's serious medical need.  To show deliberate indifference, Michael Degraw must prove each of the following facts by a preponderance of the evidence:

| | |
|---|---|
| First: | That Jennifer Degraw had a serious medical need; |
| Second: | That Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg knew that Jennifer Degraw had a serious medical need that posed a risk of serious harm; |
| Third: | That Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia |

9

Shoberg intentionally failed to provide necessary medical care for Jennifer Degraw's serious medical need in disregard or indifference to the risk of serious harm;

Fourth: That Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg was acting under color of law when he failed to provide necessary medical care for Jennifer Degraw's serious medical need; and

Fifth: That the conduct of Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg conduct caused Jennifer Degraw's injuries.

For the first element, Michael Degraw must prove a serious medical need. A "serious medical need" is a medical condition that a physician has diagnosed as requiring treatment or a medical condition that is so obvious that even a lay person would easily recognize the need for medical care. In either case, the medical condition must have posed a substantial risk of serious harm to Jennifer Degraw if left unattended.

For the second element, you must determine whether Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg actually knew Jennifer Degraw had a serious medical need and required immediate attention. Put another way, it is not enough to show that the person was careless or neglected his/her job duties and should have known about Jennifer Degraw's need. And it is not enough to show that a reasonable person would have known of the serious medical need.

10

For the third element, to decide whether same person from the second element was deliberately indifferent to Jennifer Degraw's serious medical need, you may consider all the relevant circumstances including the seriousness of Jennifer Degraw's injury, the length of any delay in providing Jennifer Degraw medical care, and the reasons for any delay. But the law does not require that Jennifer Degraw receive the most advanced medical response to her serious medical need.

For the fourth element, the parties have agreed that Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg acted under color of law. So you should accept that as a proven fact.

For the fifth element, you must determine whether the conduct of Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg caused Jennifer Degraw's injuries. The person's conduct caused Jennifer Degraw's injuries if Jennifer Degraw would not have been injured without the person's conduct and the injuries were a reasonably foreseeable consequence of the person's conduct.

If you find in Michael Degraw's favor with respect to each of the facts that he must prove to prove deliberate indifference, you must then find that the deliberate indifference was caused by a policy or custom implemented by Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri. The burden of proof to find that the deliberate indifference was caused by a policy or custom implemented by Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri, is explained in the following instruction.

11

Michael Degraw claims that Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri, who supervised Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg, is liable in his supervisory capacity for violating Jennifer Degraw's right to adequate medical care. You should consider whether Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri, is liable only if you find that Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg violated Jennifer Degraw's right to adequate medical care.

Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri, is not liable simply because former Sheriff Jim Coats supervised Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg. Rather, Michael Degraw must prove by a preponderance of the evidence that (1) Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg, violated Jennifer Degraw's right to adequate medical care and (2) one of the following circumstances was present at the time Jennifer Degraw's constitutional rights were violated:

    (a)    Former sheriff Jim Coats personally participated in the violation of Jennifer Degraw's constitutional rights; or

    (b)    A history of widespread abuse, meaning abuse that was obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences, former sheriff Jim Coats on notice of the need to take corrective action and he failed to do so; or

12

(c)    Former sheriff Jim Coats intentionally implemented an "official policy or custom" that resulted in Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg acting with deliberate indifference, meaning reckless disregard, to Jennifer Degraw's right to adequate medical care; or

(d)    Former sheriff Jim Coats directed Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg to take the action that resulted in the violation of Jennifer Degraw's right to adequate medical care; or

(e)    Former sheriff Jim Coats knew that Timothy Bailey, D.O., or Natalie Borg, D.O., Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg would take action in violation of Jennifer Degraw's right to adequate medical care and failed to stop Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg from doing so.

An "official policy or custom" means a:

(a) A policy statement or decision that is made by former sheriff Jim Coats; or

(b) A practice or course of conduct that is so widespread that it has acquired the force of law, even if the practice has not been formally approved.

You may find that an "official policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri, either knew about it, or should have known about it.

13

To prove Timothy Bailey, D.O., or Natalie Borg, D.O., or Aileen Mallari Curada, R.N., or Richard Miller, D.O., or Deputy Patricia Shoberg, violated Jennifer Degraw's right to adequate medical care, Michael Degraw must prove the elements of the previous instruction.

If you find in Michael Degraw's favor with respect to each of the facts that he must prove to prove deliberate indifference and find that the deliberate indifference was caused by a policy or custom implemented by Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri, you must then decide the issue of Michael Degraw's compensatory damages. To recover compensatory damages, Michael Degraw must prove by a preponderance of the evidence that he wouldn't have been damaged without the conduct of Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri, and the damages were a reasonably foreseeable consequence of the conduct of Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Michael Degraw's damages – no more, no less. You must not impose or increase these compensatory damages to punish or penalize Jim Coats, in his official capacity as Sheriff of Pinellas County and predecessor to Bob Gualtieri. And you must not base these compensatory damages on speculation or guesswork.

But compensatory damages are not restricted to actual loss of money – they also cover the physical aspects of the injury. Michael Degraw does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Michael Degraw has proved them by a preponderance of the evidence, and no others:

    a.   The loss of past and future support and services of Jennifer Degraw to her spouse, Michael Degraw.

15

b. The loss of past and future companionship and protection of Jennifer Degraw to her spouse, Michael Degraw.

c. Michael Degraw's past and future mental pain and suffering resulting from Jennifer Degraw's injury and death.

d.   Medical and funeral expenses incurred by Michael Degraw.

e. Medical and funeral expenses due to Jennifer Degraw's injury and death that have become a charge against the Estate or were paid by or on behalf of Jennifer Degraw.

If you award Michael Degraw compensatory damages for physical injuries, you may also award Michael Degraw damages for mental and emotional distress, impairment of reputation, and personal humiliation to the extent that he proves these damages by a preponderance of the evidence.

You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) Michael Degraw has submitted no credible evidence of injury; or (b) Michael Degraw's injuries have no monetary value or are not quantifiable with any reasonable certainty.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible— either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

18